# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES THUNDER EASON,<br><br>Defendant. | Case No. 25-cr-0243 EKL (NC)<br><br>**DETENTION ORDER**<br><br>Hearing: 10/21/2025 |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on October 21, 2025, held a detention or release hearing for defendant James Thunder Eason. The hearing was held publicly in open Court. The defendant was present and assisted by his attorney AFPD Jessica Yu. Crime victims, through the Assistant U.S. Attorney, were notified of and invited to participate in the hearing pursuant to the Crime Victims Right Act. According to the AUSA, no crime victim wished to address the Court at the detention hearing.

The defendant was charged in this case first by criminal complaint, and then by Grand Jury Indictment, with damage and destruction of property by means of fire, a felony charge under 18 U.S.C. § 844(i). Dkt. 5. Eason made his initial appearance in this Court on October 3, 2025.

The Court considered a Pre-Bail Report dated October 17, 2025, from Pretrial

Services.  Pretrial Service recommended detention based on a risk of danger to the community.

The defendant is presumed innocent and this Order may not be used as evidence to prove his guilt.

The prosecution argued that a rebuttable presumption of detention applies in this case under 18 U.S.C. § 3142(e)(3)(C) because the charged offense is an offense listed in 18 U.S.C. § 2332b(g)(5)(B) [listing terrorism offenses] for which a maximum penalty of 10 years or more is prescribed.  Upon review, the Court agrees.  The Court also finds that the defendant has not rebutted the presumption.  But even if the presumption did not apply, the Court finds that the prosecution has established by more than clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any person and the community if Eason were released.

After considering all the § 3142(g) factors, the Court agrees with the analysis presented by Pretrial Services.  The aggravating factors are the defendant's lengthy criminal history, including violent behavior, history of arson charges, a pattern of similar criminal activity, substance abuse history, and violations while on community supervision.  In mitigation, the defendant expressed a desire and shows a need for substance abuse treatment.  The Court considered a defense proposal for release to the "Teen Challenge" program in Pajaro, California.  This is a faith-based non-profit recovery program.  The concern is that participants are "free to leave the program anytime they choose" according to literature provided at the hearing.  The Court finds this to be insufficient structure and security for Mr. Eason, given his history.

As to risk of non-appearance, the Court again agrees with Pretrial Services.  A combination of conditions could be imposed that would reasonably mitigate risks of non-appearance, as Eason has long been a resident of this District.

The defendant is therefore committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending

appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

 Eason may appeal this detention order to the assigned District Court Judge.

IT IS SO ORDERED.

Date: October 22, 2025

Nathanael M. Cousins
United States Magistrate Judge

3